UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
:
NETRATINGS, INC.,                  :
                                   :
                Plaintiff,         :    No. 06-CV-8186 (LJS)(AJP)
                                   :
        v.                         :
                                   :
TACODA, INC.,                      :    **JURY TRIAL DEMANDED**
                                   :
                Defendant.         :
                                   :
---------------------------------- x

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, as and for its Amended Complaint for Patent Infringement (the "Amended Complaint") against defendant TACODA, Inc. ("TACODA"), states as follows:

## THE PARTIES

1.      NetRatings is a Delaware corporation with offices at 770 Broadway, New York, New York 10003. NetRatings is in the business of providing products and services relating to Internet audience measurement and analysis.

2.      Upon information and belief, TACODA is a Delaware corporation with headquarters at 345 Seventh Avenue, 8th Floor, New York, New York 10001.

## JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b).

## FACTS COMMON TO ALL COUNTS

5.  On August 22, 2000, United States Patent No. 6,108,637 (the "'637 Patent"), entitled CONTENT DISPLAY MONITOR, duly and legally issued to Trevor Blumenau. NetRatings is a joint owner by assignment of the '637 Patent and has the exclusive right to enforce the '637 Patent against Defendant. A true copy of the '637 Patent is annexed hereto as Exhibit 1.

6.  On September 5, 2000, United States Patent No. 6,115,680 (the "'680 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Steven Coffee, et al. NetRatings is the owner by assignment of the '680 Patent. A true copy of the '680 Patent is annexed hereto as Exhibit 2.

## COUNT I

### Infringement of United States Patent No. 6,108,637

7.  NetRatings repeats the allegations contained in Paragraphs 1 through 6 as though fully set forth herein.

8.  Upon information and belief, TACODA has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products and services, including, but not limited to, its TACODA Audience Networks, TACODA Audience Management Services, Audience Match Network and Audience 360 products and services, alone and/or in combination with other TACODA products and services.

9. Upon information and belief, TACODA's infringement of the '637 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

10. As a result of TACODA's infringement of the '637 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

11. Unless an injunction is issued enjoining TACODA and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '637 Patent, NetRatings will be irreparably harmed.

12. Upon information and belief, with full knowledge of the '637 Patent, TACODA willfully and wantonly infringed the '637 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement of United States Patent No. 6,115,680

13. NetRatings repeats the allegations contained in Paragraphs 1 through 12 as though fully set forth herein.

14. Upon information and belief, TACODA has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its TACODA Audience Networks, TACODA Audience Management Services, Audience Match Network and Audience 360 products and services, alone and/or in combination with other TACODA products and/or services.

15. Upon information and belief, TACODA has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of TACODA's infringing products.

16. Upon information and belief, TACODA has had notice of the '680 Patent and its infringement of the '680 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

17. As a result of TACODA's infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

18. Unless an injunction is issued enjoining TACODA and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '680 Patent, NetRatings will be irreparably harmed.

19. Upon information and belief, with full knowledge of the '680 Patent, TACODA willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, NetRatings prays for judgment and relief as follows:

A.  A declaration that TACODA has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of U.S. Patent Nos. 6,108,637 and 6,115,680 (the "Patents in Suit");

B.  A preliminary and permanent injunction enjoining TACODA, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the Patents in Suit;

C.  An award of damages in favor of NetRatings and against TACODA sufficient to fully compensate NetRatings for TACODA's infringement of the Patents in Suit, and an assessment of prejudgment interest and post-judgment interest;

D.  A finding by the Court that TACODA's infringement of the Patents in Suit is and has been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

E.  Trebling the compensatory damages due NetRatings;

F.  A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action; and

G.  Such other and further relief as the Court deems just and equitable.

Dated: New York, New York
May 30, 2007

DREIER LLP

_____
Seth H. Ostrow (SO 9605)
Arianna Frankl (AF 7764)
Eric C. Osterberg (EO 6751)
Karine Louis (KL 6652)

499 Park Avenue
New York, New York 10022
(212) 328-6100

One Landmark Square, 20th Floor
Stamford, Connecticut 06901
(203) 425-9500

Attorneys for Plaintiff NetRatings, Inc.

## **DEMAND FOR JURY TRIAL**

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

Dated: New York, New York
      May 30, 2007

                              DREIER LLP

                              *[signature]*

                              Seth H. Ostrow (SO 9605)
                              Arianna Frankl (AF 7764)
                              Eric C. Osterberg (EO 6751)
                              Karine Louis (KL 6652)

                              499 Park Avenue
                              New York, New York 10022
                              (212) 328-6100

                              One Landmark Square, 20th Floor
                              Stamford, Connecticut 06901
                              (203) 425-9500

                              Attorneys for Plaintiff NetRatings, Inc.

## DECLARATION OF SERVICE

I, Karine Louis, declare that on the 30th day of May 2007, I caused a true and correct copy of the Amended Complaint for Patent Infringement, to be served upon the following persons in the manner indicated:

*By Electronic Mail:*

Paul Garrity, Esq.
pgarrity@kelleydrye.com

Mark McGrath, Esq.
mmcgrath@kelleydrye.com

John Morgan Callagy, Esq.
jcallagy@kelleydrye.com

Attorneys for Defendant TACODA, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of May 2007 at New York, New York.

_____
Karine Louis